# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 11:48 am, May 24, 2017

| | | |
|---|---|---|
| XAVIER JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV417-047 |
| SHERIFF JOHN WILCHER, and TERRY BOYLES, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Xavier Johnson brought this 42 U.S.C. § 1983 action over the medical care that he has received while incarcerated at Chatham County Jail. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis* (IFP). Although he failed to timely return the necessary forms, the Court granted his motion to file them out-of-time and vacated its recommendation that his case be dismissed for his failure. *See* doc. 8 (Order vacating recommendation of dismissal and granting leave to untimely file IFP forms); docs. 6 & 7 (forms). It will now screen his Complaint. *See* 28 U.S.C. 1915A.

Johnson alleges that he has been in "custody" since September 14th, 2016.[1] Doc. 1 at 5. He also alleges that he has disclosed an unspecified mental health problem, at least to his public defender.[2] *Id.* Despite his disclosure, he claims that he has not received appropriate treatment. *Id.* (alleging "abuse by medical staff by being put in lock down cell for 18 days,"[3] unspecified "abuse" by Chatham County Jail

---

[1] Johnson doesn't clearly allege whether he has been convicted or remains a pretrial detainee. Given the substance of his allegations, it doesn't matter. The medical care that prison officials must provide is the same for both convicts and detainees. *See Burnette v. Taylor*, 533 F.3d 1325, 1330 n.4 (11th Cir. 2008) ("the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner." (quotes and cite omitted)).

[2] He alleges: "And I have [the next word is illegible; perhaps, "positive" or "provided"] medical papers for mental health to Public Defender . . . ." Doc. 1 at 5.

[3] Johnson doesn't explain what he means by a "lock down cell." Confinement in administrative segregation "for non-punitive reasons does not violate due process because such segregation is 'ordinarily contemplated by a prison sentence.'" *Anderson v. Chapman*, 604 F. App'x 810 (11th Cir. 2015) (quoting *Sandin v. Conner*, 515 U.S. 472, 480 (1995)). The same is true for pretrial detainees. *Id.* Further, even if his placement were punitive, a due-process § 1983 claim would require "that the defendant personally participated in the denial. *Id.* But Johnson alleges only that "medical staff" abused him by placing him in a lock down cell; he has not alleged that either defendant was personally involved. *See* doc. 1 at 5. Finally, plaintiff has failed to allege that the conditions of his "lock down" constituted an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," which is necessary to support a due process claim. *Walker v. Grable*, 414 F. App'x 187, (11th Cir. 2011) (citing *Sandin*, 515 U.S. at 484)); *see also Anderson*, 604 F. App'x at 813 (holding that pre-trial detainee's confinement "in administrative segregation under conditions substantially similar to those experienced by the general jail population does not implicate a liberty interest). Thus, any claim based on his segregated confinement should also be **DISMISSED**.

"officers," and that he was not given a mental health evaluation between the date of his incarceration and January 20, 2017). However, he concedes he was transferred from the Jail to Memorial Hospital "in the month of October," where he (presumably) received unspecified treatment. *Id.* In addition to his mental health diagnosis (perhaps diagnoses) he also has orthopedic issues --"a plate and screws in [his] hip from a car incident" -- that have not been adequately medicated or treated. *Id.* He has left the Complaint form's section concerning the relief he seeks completely blank. *See id.* at 6.[4]

Johnson's allegations fail to state a claim upon which relief can be granted. Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 972, 1004 (1976)); *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (although prison conditions may be

---

[4] Johnson also alleges "other inmates . . . have been neglected," but that he "can't talk to[o] much inside [his] statement because [he] might put [himself] at risk and other people as well." Doc. 1 at 5. Johnson lacks standing to raise any other prisoners' claims. If other prisoners allege they have been subjected to unconstitutional conditions, they must bring their own complaints. *See, e.g., Miller v. Conway*, 331 F. App'x 664, 665 (11th Cir. 2009) (a prisoner lacks standing to pursue a claim regarding the violation of another prisoner's constitutional rights). Accordingly, Johnson's Complaint should be **DISMISSED** to the extent that it purports to sue on other inmates' behalf.

restrictive and harsh, prison officials must provide, *inter alia*, medical care). Such claims involve objective and subjective aspects, which require, respectively, an objectively serious medical need and deliberate indifference to that need on the part of the defendant. *See, e.g., Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Assuming that Johnson's unspecified mental health issues and his orthopedic problems constitute "serious medical needs,"[5] he has not alleged sufficient facts to show that either defendant was deliberately indifferent to those needs.

First, plaintiff's allegations imply that he received some treatment -- at least when he was transferred to the hospital -- although he omits any description of it. Doc. 1 at 5. His disagreement with the treatment provided is insufficient to support his claim. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle*, 429 U.S. at 107 ("the question whether an X-ray or additional diagnostic techniques

---

[5] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see also Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (defining "serious medical need" as a "condition or urgency, one that might produce death, degeneration or extreme pain.").

4

or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Even assuming the treatment he received was negligent, and there's no allegation that it was, that would not support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

Johnson has also not alleged any facts that plausibly suggest that either defendant was subjectively aware of the allegedly deficient treatment. In the absence of any allegation specifically mentioning either defendant, at most his allegations suggest that some prison officials were aware of his medical issues, and provided some sort of deficient treatment that caused some unspecified harm. *See* doc. 1 at 5-6. That doesn't amount to deliberate indifference. *See Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (deliberate indifference requires, among other elements, that defendant had "subjective knowledge" of the risk of harm); *see also Farmer*, 511 U.S. at 837 (defendant "must both be aware of facts from which the inference [that a

serious risk to an inmate's health] exists, and he must also draw the inference.")

Accordingly, Johnson's Complaint should be **DISMISSED**. Although *pro se* plaintiffs are often entitled to an opportunity to amend their complaints, *see, e.g., Johnson v.* Boyd, 568 F. App'x 719, 724 (11th Cir. 2014), Johnson's inadequate-medical-care claim does not appear amendable.[6] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Meanwhile, Johnson must pay his $350 filing fee. His furnished account information shows that he has had a $127.49 average monthly balance and $53.05 average monthly deposits in his prison account during the six months prior to filing his Complaint. Doc. 7 at 1. He therefore owes a $25.50 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) shall set aside

---

[6] Despite the lack of any apparent basis for viable amendment, Johnson's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. He may submit an Amended Complaint during that period, if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

6

20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Johnson's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from Johnson shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA